UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK DONNELLY, | Civil Action No. |
| Plaintiff, | 2:12-cv-07629-ES-SCM |
| vs. | |
| NEW JERSEY RE-INSURANCE COMPANY, et al., | |
| Defendants. | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO THE R. 12(B)(6) DISMISSAL MOTION OF DEFENDANT NEW JERSEY RE-INSURANCE COMPANY.**

JEFFREY A. BRONSTER, PC
625 18th Street
Union City, NJ 07087
(201) 330-7701
Counsel for the Plaintiff

## PRELIMINARY STATEMENT [1]

Plaintiff Patrick Donnelly suffered flood damage to his property during the storm known as Hurricane Irene. His house was insured under a federal Standard Flood Insurance Policy ("SFIP"), which was administered by defendant New Jersey Re-Insurance ("NJR"). The lowest floor of the building is what has commonly come to be referred to as a "garden apartment" - - a term that has no legal meaning, but which is generally used to describe a lowest floor that is slightly below ground level, either on all sides or only on some sides. This distinction between "some" sides and "all" sides is the focal point of this lawsuit.

Under the SFIP, coverage in an area that is deemed to be a basement is very limited. The definition of a basement is discussed in detail below. In summary, as it applies to this case, Donnelly's lowest floor is a "basement" if it is below ground level on all four sides, as NJR is claiming. Donnelly, for his part, maintains that the lowest level is below ground only on three sides, taking the lowest level outside the definition of a basement under the SFIP.

---

[1] This case was originally filed as a class action. However, as a result of a recent conference with the Magistrate Judge, and a Consent Order that is to be filed shortly, all class claims are being dismissed without prejudice. This brief addresses the only surviving claim, which is the First Cause of Action, asserting a simply breach of contract claim against New Jersey Re-Insurance.

## STATEMENT OF FACTS [2]

For purposes of this motion, Donnelly acknowledges that the front of his house and the two side walls are below ground level; the focus will be on the back wall of the house. Like many houses in the area, Donnelly's back yard was built up with dirt, so that grass could be planted and a lawn created. Significantly, however, it was <u>not</u> built up from the very doorstep of the house. Pictures submitted by both side demonstrate that outside the back door, there is a significant area that was left unraised; and in fact, one has to step slightly <u>down</u> when exiting from the back of the house.

Looking at the pictures, the Court will note the flat area outside the back door, which stretches lengthwise for 12 feet, 4 inches across the back wall, almost from one end of wall to the other. On the left and right sides, the flat area extends back for 3 feet, 2 inches. The center-most portion of the flat area, which is directly out from Donnelly's back door, actually extends back for 7 feet, 2 inches. There is no step up right outside Donnelly's door onto the elevated portion of the back yard. To get to that elevated portion, one has no choice - - he <u>must</u> walk out onto level ground, and back more than 7 feet before ascending onto the part of the back yard that is above the level of Donnelly's floor.

As will be discussed in the brief, based upon the language of the SFIP and the controlling case law interpreting it, Donnelly contends that these facts require a finding that the lowest level of his house was not a basement, contrary to the determination made by the defendant.

---

[2] The factual statements to follow are supported by the Certification of Patrick Donnelly.

## LEGAL ARGUMENT

### POINT I

### THE LOWEST LEVEL OF THE DONNELLY PROPERTY IS NOT A BASEMENT FOR PURPOSES OF THE SFIP.

Defendant New Jersey Re-Insurance ("NJR") is seeking dismissal of Count One of the Complaint on two grounds: first, that the allegations fail to state a cause of action under the standard applied to pleadings; and second, that because Donnelly's lowest floor is "clearly" a basement within the definition of the Standard Flood Insurance Policy ("SFIP"), the count fails to state a cognizable cause of action.

#### A. Donnelly has stated his cause of action with the requisite specificity

NJR's first position has no legal substance, and is easily dealt with. Paragraph 5 of the plaintiff's First Cause of Action sets out the basis for his breach of contract action with specificity:

> "5.   The basis for the denial of plaintiff's claim was the erroneous classification of the lowest floor of his building as a "basement," as that term is defined in the FEMA flood policy."

NJR seems to be suggesting that more is required, such as a detailed discussion of the definition of a basement in the FSIP,[3] and an explanation as to why Donnelly's property does not come within that definition. And certainly, these are matters that the plaintiff would have to prove at trial. But for the purpose of notice pleading, the plaintiff has adequately defined the conduct of which he complains: FEMA has deemed his first floor to be a basement, and he maintains that this designation is not supported by the language of the policy.

---

[3] The FSIP definition of a basement is actually quoted in plaintiff's Second Cause of Action.

-3-

## B. NJR has correctly cited to the law that will control the basement issue

The second issue raised by NJM, on the other hand, goes to the very heart of this litigation. It presents the Court with a very narrow, yet dispositive question: Is the lowest floor of the Donnelly house a basement, as that term is defined in the Standard Flood Insurance Policy? If the answer is "yes," then New Jersey Re-Insurance will in fact be entitled to dismissal. If, on the other hand, the answer is "no," then Donnelly will be entitled to judgment in his favor as to liability, subject to any additional defenses NJR may raise at a later time.

NJR has cited extensive case law on the basement issue, perhaps anticipating that Donnelly will be raising some of the argument that were rejected in prior cases. But that is not Donnelly's intention. So, for example, Donnelly acknowledges that the argument made in *Uddoh v. Selective Ins. Co.*, 2012 WL 2979052 (D.N.J. 2012) - - that the Court can and should consider the grade of the building when originally constructed - - is not a legally viable argument. Nor does Donnelly intend to offer some of the other creative arguments that have been tried in the past without success. Quite to the contrary, Donnelly intends to rely upon a strict interpretation of the very legal principles that NJR has cited to.

It will, of course, be necessary to first look at the language of the policy itself. Donnelly acknowledges that for the purpose of this lawsuit, conventional definitions of the term "basement" are irrelevant; all that matters is how the term is defined in the contract of insurance:

> **Basement. Any area of the building, including any sunken room or sunken portion of a room, having its floor below ground level (subgrade) on all sides.**

Because of the configuration of the Donnelly property, it is important to note that the building must be below ground level on all four sides to constitute a basement.

As to case law, it is unnecessary to go any further than *Linder and Assoc., Inc. v. Aetna Cas. and Surety Co.*, 166 F.3d 547 (3d Cir. 1999), a case cited by NJR. That case was decided on a different ultimate issue than this case will be - - as in the *Uddoh* case (*supra*), Linder argued that one side of the building was not subgrade, because of where the natural grade existed when the house was originally built. But *Linder* also included a detailed discussion of the definition of a basement and how it is to be applied, which is both instructive for, and controlling in, the present case.

While *Linder*'s discussion of the basement definition and prior case law is fairly extensive, both sides would probably agree that the essential language of the opinion, for the purposes of Donnelly's lawsuit, is the following paragraph [any emphasis is added, not as in the original]:

> The SFIP defines "basement" as "any area of the building ... having its floor subgrade (below ground level) on all sides." Article 2, *reprinted in* App. at 11. Each court considering the SFIP's basement exclusion has found its language to be clear and unambiguous. *See Becton*, 929 F.2d at 1289–90;[4] *Unger v. Liberty Mut. Ins. Co.*, 849 F.Supp. 839, 846 (E.D.N.Y.1994).
>
> **"[I]t is obvious from Becton that the 'ground level' referred to in the policy definition[ ] is intended to be that area <u>close and adjacent to</u> the lower level door."** *Unger*, 849 F.Supp. at 846.
>
> <u>**If a person must step up when exiting the lower level to the outside, the lower level is below ground level and, thus, is a basement.**</u> *See Becton*, 929 F.2d at 1289 ("In order to go from that level out to the yard, it was necessary to go up at least one step. The floor levels therefore were subgrade....").
>
> **This is true even if one must step up only an inch when going outside.** *See id.* ("The extent to which they were subgrade, whether 6, 8, or 40 inches, is immaterial under the policy. The only question is whether they were subgrade or at ground level.").
>
> Conversely, if "one has to step up to enter the lower level and must step down when leaving the lower level," the lower level is not a basement. *Unger*, 849 F.Supp. at 846.

---

[4] *Nelson v. Becton*, 929 F.2d 1287 (8th Cir.1991).

C. <u>Application of the law to the Donnelly property</u>

The pictures submitted by both sides definitively demonstrate two related facts, each of which is essential to the determination of the motion:

(1) The area that is closest to, and that is actually "adjacent to" the back door of Donnelly's lower level is <u>not</u> higher than the floor. The ground floor of the house is not lower than the grade of the land adjacent to the back door; it is in fact higher.

(2) A person exiting the lower level to the outside from the back door would <u>not</u> step up; to the contrary, he would step down. Under the SFIP definition of a basement, as elaborated on by the Third Circuit in *Linder*, this *necessarily* means that Donnelly's ground floor is a basement.

In its brief, NJR placed emphasis on the "only an inch" language of *Linder* quoted above. And Donnelly concedes that if, when exiting his back door, the 7' 2" area was slightly above his floor - - even by an inch - - instead of slightly <u>below</u> the level of his floor, he would have a "basement." But even NJR does not argue this; it cannot dispute that the ground right outside the door is slightly lower than, or at the very least level with, Donnelly's floor. Instead, NJR <u>ignores</u> that entire area, and focuses only on the set-back part of the yard that was built up. While it is true that the built-up area is higher than Donnelly's ground floor, it is equally true that the built-up area is <u>not</u> adjacent to the back door; and it is equally true that a person exiting the back door would <u>not</u> step up when leaving the house, but rather would step slightly down.

NJR's only possible way of addressing the flat area outside the house - - once it acknowledges its existence - - is an argument that it is somehow "too small" to be legally significant. But the language of *Linder* demonstrates just how strictly the Court is required to apply the principles of law that control the basement definition. What can be learned from the "only an inch"

language is that in interpreting the SFIP, the court applies a rule of strict construction. If the ground floor of the house is below grade "when exiting the lower level to the outside," the difference of an inch might just as well be the difference of a mile. Conversely, if the ground level is not higher adjacent to the back door, and if a person exiting that door would not step up, the raised portion of the back yard might just as well be seven miles from door, rather than seven feet. If the Court is prepared to apply the policy language that strictly in favor of FEMA, it must apply it with equal strictness in favor of the insured when applicable.

    The Third Circuit has unequivocally rejected subjective considerations of what may seem "right" or "fair" in favor of a more easily applied objective test, absolute in its application. It is true that in *Linder*, *Becton*, and other cases cited by the defendant, that the application of this strict objective test resulted in rulings in favor of the insurance company. The standard cannot simply be ignored because in the present case, the same method of applying the same test happens to result in a finding in favor of the insured.

## CONCLUSION

The SFIP definition of a basement, as practical as it may be in the flat-lands of Louisiana and the Sacramento Valley, has wrought havoc upon thousands of New Jersey homeowners, whose ground floor, while perhaps being "below grade" by a matter of inches, is used for virtually every purpose, and in virtually every respect, in the same way as the ground floor of the homes in Oklahoma. Because this geographic area has not traditionally been subjected to the hurricane-type storms that occur more frequently in some parts of the country, it is only now, after consecutive years of experiencing a "storm of the century," that the devastating effect of the FSIP language on these New Jersey residents is being realized.

It is true, of course, that it does not lie within the province of the courts to rewrite the SFIP, or to apply it differently in New Jersey than it would be applied anywhere else. This plaintiff recognizes and accepts the reality that any change in the definition of a basement will have to come through the legislative process. It therefore bears emphasis that he does not come before the Court asking it to *change* the policy, but rather to *enforce* it. He relies upon definitions and standards that are not of his making, but which have been defined for him by the Third Circuit Court of Appeals. He asks only that the Court apply those standards as strictly in his favor as it would, under a different set of facts, in favor of the insurance company, and that it deny NJR's motion on that basis.

Respectfully submitted,

/s/ *Jeffrey A. Bronster*

JEFFREY A. BRONSTER

DATED: June 4, 2013